**Sherie L. BAUGHER, Plaintiff–Appellant,**

**v.**

**DEKKO HEATING TECHNOLOGIES, Defendant–Appellee.**

No. 03–2784.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 12, 2004.

Decided Jan. 29, 2004.

Christopher C. Myers, Myers & Associates, Fort Wayne, IN, for Plaintiff–Appellant.

Cynthia Rockwell, Haller & Colvin, Fort Wayne, IN, for Defendant–Appellee.

Before POSNER, EASTERBROOK, and KANNE, Circuit Judges.

**Order**

For almost two years, Sherie Baugher was the plant manager for Plants 4 and 41 of Dekko Heating Technologies in North Webster, Indiana. She was fired in March

to arbitrate all disputes concerning the interpretation or application of the agreement.

2000 and contends in this suit that the discharge was a forbidden response to her use of leave under the Family and Medical Leave Act, and the prospect that she would take more. See 29 U.S.C. § 2615(a); *King v. Preferred Technical Group,* 166 F.3d 887 (7th Cir.1999). The district court granted summary judgment to Dekko.

Before she took any FMLA leave, Baugher had been put on probation for deficiencies in performance–particularly her frequent unavailability, a bad trait in a plant manager. Baugher told Dekko's human resources manager that she felt overwhelmed by the plant manager's duties, and in December 1999 and January 2000 she took a lengthy FMLA leave to recover from exhaustion and depression. When she returned to work the probation continued; an evaluation early in March 2000 noted some improvements but many ongoing issues, including lack of availability and visibility in the plants under her management. John Slagle, one of Baugher's subordinates, told senior managers that, on March 17, Baugher had instructed him to deflect all phone calls that day by telling callers that she was busy and could not come to the phone. This was the last straw; on March 20, Dekko fired Baugher for an act of dishonesty that had made her unavailable during a work day.

■ Baugher says that Slagle either misunderstood or misrepresented what she said. According to Baugher, Slagle had been told to put off only calls from one particular person, a friend who might call from outside the workplace rather than an employee who might need the plant manager's guidance. If indeed Slagle misunderstood or misrepresented what Baugher said, then discharge may have been an overreaction. But neither the FMLA nor any other federal statute forbids substantively *mistaken* decisions. The question is whether the adverse action rests on a ground forbidden by federal law. See *Visser v. Packer Engineering Associates, Inc.,* 924 F.2d 655 (7th Cir.1991) (en banc). Firing someone who misrepresented availability during working hours does not violate any rule of federal law; and if (as is undeniable on this record) the persons who made the decision actually believed that Baugher told Slagle to stymie all callers, it is impossible to deem the action a pretext for discrimination or an episode of retaliation.

■ To the extent Baugher believes that Dekko was obliged to keep her on the pay-roll so that she could take future FMLA leave (for back surgery), there is no support in the statute. Employees have rights to unpaid leave; there is no additional right to *be* an employee so that leave can be taken. See *Rice v. Sunrise Express, Inc.,* 209 F.3d 1008 (7th Cir.2000). The actual rule, in § 2615(a), is that neither past nor anticipated leave may be used as a ground of adverse action. On this record, no reasonable juror could conclude that the reason for Baugher's discharge was actual or anticipated FMLA leave, rather than longstanding deficiencies in performance plus an episode of perceived dishonesty. Although some of the district court's opinion reads as if the judge were making findings of fact (e.g., "the Court is not persuaded to find retaliation" (opinion at 10)), this misstep does not affect the judgment, given the state of the record.

AFFIRMED